UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------x

TERRANCE BAYLOR,

                Plaintiff,                **MEMORANDUM & ORDER**
                                          25-CV-3153 (EK)(LKE)
          -against-

THE CITY OF NEW YORK ET AL.,

                Defendants.

--------------------------------------x
ERIC KOMITEE, United States District Judge:

        Plaintiff Terrance Baylor brings this civil rights action against the City of New York, the New York Police Department, and three individual police officers.  The officers arrested plaintiff for not wearing a seatbelt and for ignoring an outstanding desk appearance ticket.  Plaintiff claims that he was wearing a seatbelt, and that no such ticket existed.

        Representing himself, Baylor now brings claims under Rev. Stat. § 1979, 42 U.S.C. § 1983 for false arrest and false imprisonment against the officers, the City, and the Department.[1]  He also moves to proceed *in forma pauperis*.  That motion is granted, but for the reasons outlined below, the complaint is dismissed as against the City and the Department.

---

[1] Baylor's complaint alleges distinct claims for false arrest and false imprisonment.  Compl. 3, ECF No. 1.  But "[t]he standards regarding [Section] 1983 claims for false arrest and false imprisonment are identical." *Lacey v. Yates Cnty.*, 30 F. Supp. 3d 213, 222 n.2 (W.D.N.Y. 2014).  So, the Court analyzes these claims together.

## I.    Background

The Court draws the following facts from the complaint, and presumes their truth for purposes of this order. *Bett Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

On or about March 3, 2024, plaintiff was riding in the backseat of a car in Brooklyn.  Compl. 2-3.  NYPD officers, including a John Doe sergeant, pulled the car over for a traffic violation.  *Id.* at 2.  After approaching the vehicle, the officers asked plaintiff why he was not wearing his seatbelt. *Id.*  He responded that he *had* been wearing his seatbelt and had only removed it after being pulled over.  *Id.*  The officers then asked plaintiff to spell his first and last name and entered it into an "ipad looking device."  *Id.*  Plaintiff alleges that the officers intentionally misspelled his name when entering it into the device.  *Id.*  After running the search, the officers said that plaintiff had previously been "issued a desk appearance ticket" and arrested him.  *Id.*

The officers escorted plaintiff to the Sixty-Seventh Precinct, where he was "placed in custody" of Officers Anthony Porcelli and Joshua Ferenczy.  *Id.*  Baylor remained in a holding cell for "several hours" before unnamed officers took him to "Brooklyn criminal court," where he "spent several more hours inside a cell."  *Id.*  In total, plaintiff was in custody for "nearly [seventeen] hours."  *Id.*  Plaintiff alleges on

2

information and belief that the officer-defendants knew that he "in fact was not issued a desk appearance ticket." *Id.*

## II.  Legal Standard

A complaint must plead facts sufficient to "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570.[2]  The Court must accept the truth of "well-pleaded, nonconclusory factual allegations," *Kiobel v. Royal Dutch Petroleum Co.*, 621 F.3d 111, 124 (2d Cir. 2010), but it need not accept "legal conclusions" as true.  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

A *pro se* complaint should be liberally construed. *Ceara v. Deacon*, 916 F.3d 208, 213 (2d Cir. 2019).  Still, an unrepresented plaintiff is not exempt from "compliance with relevant rules of procedural and substantive law."  *Traguth v. Zuck*, 710 F.2d 90, 95 (2d Cir. 1983).  A district court may dismiss an *in forma pauperis* action if it concludes that the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."  28 U.S.C. § 1915(e)(2)(B).

---

[2] Unless otherwise noted, when quoting judicial decisions this order accepts all alterations and omits all citations, footnotes, and internal quotation marks.

### III. Discussion

Plaintiff cannot sue the Police Department in its own name.  Under the New York City Charter, damages actions against a city agency must be brought "in the name of the city of New York and not in that of any agency, except where otherwise provided by law."  N.Y.C. Charter § 396; *see also Jenkins v. City of New York*, 478 F.3d 76, 93 n.19 (2d Cir. 2007).  The Department is therefore dismissed as a defendant.

Furthermore, plaintiff does not plead a viable Section 1983 claim against the City.  To state a Section 1983 claim against a municipality, a plaintiff must show that the alleged constitutional violation was the result of a municipal policy or custom.  *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978).  Plaintiff does not allege the existence of any such policy or custom.  The City is therefore also dismissed as a defendant.

### IV.  Conclusion

For the foregoing reasons, the motion to proceed *in forma pauperis* is granted, and the claims against the City and Department are dismissed.  No summons shall issue against those defendants. Plaintiff's claim against the Department is dismissed with prejudice, but his claim against the City is dismissed without prejudice.  Plaintiff may, within thirty days of this order, file an amended complaint that corrects the

4

deficiencies with his *Monell* claim identified herein.  He is further advised that any amended complaint will completely replace the original complaint, that it must be captioned "Amended Complaint," and that it must bear the same docket number as this order: 25-CV-3153 (EK)(LKE).

The claims against the individual officers may proceed for now.  The Court respectfully directs the Clerk of Court to issue a summons to the officer-defendants, and directs the United States Marshals Service to serve copies of the complaint, this order, and the summons on the officers without prepayment of fees.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore denies *in forma pauperis* status for the purpose of an appeal.  *Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).  The Clerk of Court is respectfully directed to

mail a copy of this order to plaintiff and to note the mailing on the docket.


SO ORDERED.


        /s/ Eric Komitee
ERIC KOMITEE
United States District Judge


Dated:     March 2, 2026
            Brooklyn, New York